JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:23-CV-01710-DOC-MARx     Date: October 31, 2023

Title: KEITH MCCABE V. CANON SOLUTIONS AMERICA, INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [16]**

Before the Court is Plaintiff's motion to remand this case back to the Orange County Superior Court ("Motion" or "Mot.") (Dkt. 16). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers submitted by the parties, the Court now **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Orange County Superior Court.

**I.    FACTS**

The following facts are drawn from Plaintiff Keith McCabe's ("Plaintiff") Second Amended Complaint ("SAC") (Dkt. 1-1, Rafter Decl., Ex. H) and the transcript of the deposition of Plaintiff (Dkt. 1-1, Rafter Decl., Ex. J). This action concerns Plaintiff's employment with Defendant Canon Solutions America, Inc. ("CSA") and supervision under his manager Defendant Robb Gonka ("Gonka"). SAC ¶¶ 19, 25. In April 2017, Plaintiff complained to Defendant's Human Resources personnel that Gonka had sexually harassed him by touching him inappropriately. *Id.* ¶ 25. Plaintiff further alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-01710-DOC-MARx                               Date: October 31, 2023

Page 2

Gonka called him "honey" or "sexy," and also discussed "strippers, hookers, open strip clubs, and pole dancing." *Id.* According to Plaintiff, Gonka began retaliating against Plaintiff by mistreating Plaintiff and adversely interfering with Plaintiff's sales, creating a hostile work environment. *Id.* ¶ 26-51. In June 2022, Gonka placed and held his hand on Plaintiff's shoulders during a meeting. Rafter Decl., Ex. J at 138:19-139:5. CSA terminated Plaintiff in July 2022 for violating CSA's vacation policy. SAC ¶ 55.

## II. PROCEDURAL HISTORY

Plaintiff filed a complaint against Defendants CSA and Gonka (collectively "Defendants") in the Superior Court for the County of Orange on September 15, 2022. Notice of Removal ("NOR") at 1 (Dkt. 1). On October 29, 2022, CSA removed the case to this Court, arguing that Gonka was fraudulently joined as a nondiverse defendant. The Court remanded the case to state court on January 24, 2023. *Id.* Plaintiff served CSA and Gonka with the First Amended Complaint ("FAC") on February 22, 2023. *Id.* Defendants filed a Demurrer to the FAC on Plaintiff's causes of action for harassment, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"), which the state court sustained on July 14, 2023. *Id.* at 1-2. On July 19, 2023, Plaintiff served Defendants with the SAC. Plaintiff was deposed on August 29, 2023. *Id.* at 2.

Defendants removed the case to this Court on September 14, 2023, reasserting that Gonka was fraudulently joined as a nondiverse defendant. *See generally Id.* Plaintiff filed the Motion to Remand on October 6, 2023. Dkt. 16. On October 16, 2023, Defendant opposed the Motion. ("Opposition" or "Opp'n") (Dkt. 17). On October 20, 2023, Plaintiff filed a reply ("Reply") (Dkt. 19).

## III. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-01710-DOC-MARx    Date: October 31, 2023

Page 3

jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

There is an "exception to the requirement of complete diversity… where a nondiverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." *Grancare*, 889 F.3d at 548 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (internal quotation mark and citation omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Id.* (emphasis added) (internal quotation marks and citation omitted).

**IV.    DISCUSSION**

Defendant asserts that Plaintiff fraudulently joined Gonka, the only non-diverse defendant, to circumvent diversity jurisdiction because Gonka cannot possibly be liable. NOR at 5. Specifically, Defendant argues that Gonka cannot be liable because any alleged harassment occurred beyond the statute of limitations, personnel management decisions are not harassment, and Plaintiff fails to state a claim of IIED and NIED against Gonka. NOR at 5-18. Plaintiff argues that the alleged harassment is not time-barred due to the continuing violations doctrine, Gonka's alleged conduct constitutes harassment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-01710-DOC-MARx                                    Date: October 31, 2023

Page 4

because the actions went beyond the scope of personnel decisions, and that Gonka's conduct was arguably sufficiently severe and pervasive to establish personal liability. Mot. at 7-10. As such, Plaintiff contends that Gonka is not a sham defendant and the Court lacks diversity jurisdiction over this action. The Court agrees with Plaintiff.

### A. Remand is Proper Under the Continuing Violations Doctrine and Because the State Court's Grant of Demurrer is Moot

In California, a plaintiff who brings a claim under the California Fair Employment and Housing Act ("FEHA") "may establish a supervisor's liability for harassment by providing evidence of hostile social interactions along with supplemental evidence of official employment actions that reinforce an underlying hostile message." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009) "[H]arassment refers to bias that is expressed or communicated through interpersonal relations in the workplace." *Id.* The statute of limitations of a FEHA harassment claim is three years. California Government Code § 12960(e).

An exception to FEHA's three-year statute of limitations is the continuing violations doctrine, which "allows liability for unlawful employer conduct occurring outside the statute of limitations if it is sufficiently connected to unlawful conduct within the limitations period." *Birschtein v. New United Motor Mfg., Inc.*, 92 Cal. App. 4th 994, 1003 (2001). The continuing violations doctrine applies if at least one violation occurred during the relevant period. *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal.App.4th 1402, 1412 (2013).; *see also Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 819 (2001) (FEHA statute of limitations should be interpreted liberally to "promote the resolution of potentially meritorious claims on the merits." (quoting *Romano v. Rockwell Internal, Inc.*, 14 Cal. 4th 479, 493-94 (1996)).

Here, there is a possibility that a court will find that Plaintiff's harassment claim is not time-barred under the continuing violations doctrine. While the state court sustained a demurrer, with leave to amend, on the harassment claim because the events alleged in the FAC occurred outside the statute of limitations, the Court finds that the harassment claim may survive due to new evidence gathered after the state court order. Rafter Decl., Ex. G at 1. Plaintiff, in his deposition, indicated harassment in the June 2022 meeting where Gonka placed his hand on Plaintiff's shoulder. Rafter Decl., Ex. J at 138:19-139:5. This action can plausibly constitute harassment and occurred within the relevant statute of limitations. Therefore, under the continuing violations doctrine, a court can consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-01710-DOC-MARx                              Date: October 31, 2023

Page 5

alleged harassment that occurred in 2017. *See Richards*, 26 Cal. 4th at 823. Given the totality of Gonka's actions, such as touching Plaintiff, calling Plaintiff demeaning names despite Plaintiff's protests, initiating sexually suggestive conversations, and showing video clips of a sexual nature, a court can find Gonka liable for harassment. *See generally* Rafter Decl., Ex. J.

The Court also finds that Plaintiff can possibly establish liability for his NIED and IIED claims. "The filing of an amended complaint renders moot a demurrer to the original complaint." *JKC3H8 v. Colton*, 221 Cal.App.4th 568, 477 (2013) (citing *Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.*, 122 Cal.App.4th 149, 1054 (2004)). While state court granted a demurrer on the NIED and IIED claims from the FAC, Plaintiff filed a SAC alleging new facts relevant to both claims. *See generally* Opp'n, Ex. E. Therefore, the state court's grant of demurrer is rendered moot. Because Plaintiff alleged new facts relevant to his NIED and IIED claims, the Court finds that Plaintiff can possibly establish liability against Gonka on these claims.

Defendant thus fails to meet the "heavy burden" of proving that there is no possibility that Gonka would face liability. See *Grancare*, 889 F.3d at 548; see also *Reynolds v. Boeing*, No. 2:15-CV-2846-SVW-AS, 2015 WL 4573009, at *6 (C.D. Cal. July 28, 2015) (remanding case because defendant failed "to prove by clear and convincing evidence that there was no possibility" the non-diverse defendant would face liability). As a result, Gonka is not a sham defendant and his citizenship will be considered for diversity purposes. Because Gonka and Plaintiff reside in the same state, the Court lacks diversity jurisdiction over this action.

### B. Sanctions Will Not Be Awarded Because Defendants Did Not Act on an Objectively Unreasonable Basis When Seeking Removal

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-01710-DOC-MARx　　　　　　　　　　　　　　　Date: October 31, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

　　　Here, while the Court finds that removal was improper, the Court does not find that the removing party's arguments are clearly foreclosed by the relevant case law. Even though the Court believes that Plaintiff can possibly establish liability for the harassment, NIED, and IIED claim, California case law could also potentially preclude these claims. A California court can find that, based on relevant case law, the June 2022 event fails to satisfy the elements of the continuing violation doctrine and that Plaintiff's SAC still fails to sufficiently allege an NIED and IIED claim. In such a case, Plaintiff would fail to assert a claim against Gonka, the only resident defendant, allowing the Court to have subject-matter jurisdiction. Because Defendant's arguments were not clearly foreclosed by California case law, removal was not objectively unreasonable. Therefore, the Court declines to award Plaintiff attorneys' fees.

## V.　　DISPOSITION

　　　For the reasons set forth above, the Court hereby **GRANTS** the Motion and **REMANDS** this case to the Superior Court of Orange County, California.

　　　The hearing for this matter scheduled for November 3, 2023, is **VACATED**.

　　　The Clerk shall serve this minute order on the parties.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN